**WO**                                                                                    KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Williams, Jr., | ) No. CV 07-557-PHX-MHM (BPV) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Joseph M. Arpaio, et al., | ) |
| Defendants. | ) |

Plaintiff David Williams, Jr., who is confined in the Arizona State Prison Complex-Lewis, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  The Court will order Defendant Arpaio to answer Counts II, III, IV, V, VI, VII, and VIII of the Complaint and will dismiss the remaining claims and Defendant without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $3.00.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III.    Complaint

Plaintiff names Maricopa County Sheriff Joseph M. Arpaio and the Maricopa County Sheriff's Office as Defendants in the Complaint.

Plaintiff alleges twelve grounds for relief in the Complaint in which he claims that his First, Fifth, Eighth and Fourteenth Amendment rights were violated by: (1) inadequate medical care; (2) severe overcrowding; (3) failure to segregate higher security level inmates from lower security level inmates; (4) unsanitary living conditions; (5) inadequate and spoiled food; (6) insufficient outdoor recreation; (7) padlocks on cell doors; (8) inadequate control of contagious diseases; (9) harsh and degrading living conditions; (10) denial of Pagan religious counseling; (11) inadequate indigent mail supplies for personal correspondence; and (12) policies which make it difficult or impossible for an inmate to contact an attorney by phone. Plaintiff seeks money damages and injunctive relief.

Counts II, III, IV, V, VI, VII, and VIII adequately state a claim and the Court will require Defendant Arpaio to answer these allegations.

## IV.     Improper Defendant

The Maricopa County Sheriff's Office is not a proper Defendant.  In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. See A.R.S. § 11-441(A)(5); A.R.S. § 31-101. A sheriff's office is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties, and not a "person" amenable to suit pursuant to § 1983.  Therefore, the Maricopa County Sheriff's Office will be dismissed.

1  **V.      Failure to State a Claim**

2          **A.      Count I**

3          To maintain a claim under the Eighth Amendment based on prison medical treatment,

4  a prisoner must show deliberate indifference to serious medical needs.  Estelle v. Gamble,

5  429 U.S. 97, 104 (1976).  To act with deliberate indifference, a prison official must both

6  know of and disregard an excessive risk to inmate health.  Farmer v. Brennan, 511 U.S. 825,

7  837 (1994).  The official must both be aware of facts from which the inference could be

8  drawn that a substantial risk of serious harm exists and he must also draw the inference.  Id.

9  This subjective approach focuses upon the mental attitude of the defendant.  Id. at 839.

10         "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051,

11 1060 (9th Cir. 2004).  In the medical context, deliberate indifference may be shown by (1) a

12 purposeful act or failure to respond to a prisoner's pain or possible medical need and

13 (2) harm caused by the indifference.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)

14 (citing Estelle, 429 U.S. at 104).  The harm need not be substantial.  Id. (citing Estelle, 429

15 U.S. at 104).

16         Medical malpractice or negligence is insufficient to establish a violation.  Toguchi,

17 391 F.3d at 1060.  Thus, mere negligence in diagnosing or treating a condition does not

18 violate the Eighth Amendment.  Toguchi, 391 F.3d at 1057.  Also, an inadvertent failure to

19 provide adequate medical care alone does not rise to the Eighth Amendment level.  Jett, 429

20 F.3d at 1096.   A difference in medical opinion also does not amount to deliberate

21 indifference.  Toguchi, 391 F.3d at 1058.  To prevail on a claim involving choices between

22 alternative courses of treatment, a prisoner must show that the chosen course was medically

23 unacceptable under the circumstances and was chosen in conscious disregard of an excessive

24 risk to the prisoner's health.  Id.

25         In Count I, Plaintiff claims that he was given medications which aggravated his

26 chronic liver disease, even though he specifically inquired whether the medications would

27 be harmful to his liver and was told that they would not be.  Plaintiff also alleges that he

28 received inadequate medical care on other occasions while housed in the Jail.

TERMPSREF                                          - 3 -

1    Plaintiff has not alleged facts sufficient to state an Eighth Amendment medical claim
2  because Plaintiff has not alleged that medical staff were deliberately indifferent to his serious
3  medical needs. Plaintiff has not alleged that Defendants knew that the medications would
4  aggravate Plaintiff's liver; rather, the facts as Plaintiff alleges them demonstrate that the
5  medical staff believed the medications were appropriate for Plaintiff.

6    Further, Plaintiff has failed to link any of the allegations in Count I to Defendant
7  Arpaio.  To state a valid claim under § 1983, plaintiffs must allege that they suffered a
8  specific injury as a result of specific conduct of a defendant and show an affirmative link
9  between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72,
10 377 (1976).  To state a claim against a supervisory official, the civil rights complainant must
11 allege that the official personally participated in the constitutional deprivation or that a
12 supervisory official was aware of widespread abuses and with deliberate indifference to the
13 inmate's constitutional rights, failed to take action to prevent further misconduct.  King v.
14 Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); See  Monell v. New York City Department of
15 Social Services, 436 U.S. 658, 691 (1978).  There is no *respondeat superior* liability under
16 § 1983, and therefore, a defendant's  position as the supervisor of persons who allegedly
17 violated Plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. 658;
18 Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992);  Taylor v. List, 880 F.2d 1040,
19 1045 (9th Cir. 1989).

20   Plaintiff does not allege that Defendant Arpaio personally participated in the
21 deprivation of his constitutional rights or that Defendant Arpaio was aware of such a
22 deprivation and failed to act.  Count I will be dismissed for failure to state a claim.

23   **B.    Count IX**

24   In Count IX, Plaintiff claims that harsh conditions in the Maricopa County Jail
25 constitute cruel and unusual punishment.  Plaintiff alleges facts relating to safety, sanitation
26 and communicable disease that are already described separately in other claims.  Because
27 Count IX repeats claims already alleged in other counts, the Court will dismiss Count IX as
28 duplicative.

TERMPSREF                          - 4 -

**C.     Count X**

In Count X, Plaintiff alleges that he is denied access to religious programming on television and that he is denied Pagan religious counseling.

The right to free exercise of religion is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security.  McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam); see also O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987).  "In order to establish a free exercise violation, [the prisoner] must show the defendants burdened the practice of his religion . . . by preventing [the prisoner] from engaging in conduct mandated by his faith."  Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997).  However, Prison officials have no affirmative obligations to provide appropriate clergy for inmates.  See Ward v. Walsh, 1 F.3d 873, 876 (9th Cir. 1993).

Plaintiff has not alleged that he has been prevented from engaging in conduct mandated by his faith, but only that he does not receive all of the religious services he desires.  This is insufficient to state a claim and the Court will dismiss Count X.

**D.     Count XI**

In Count XI, Plaintiff claims that indigent inmates only receive pencils and Joe Arpaio promotional post cards for carrying out personal correspondence.

While inmates have a right to receive some materials for legal correspondence, there is no constitutional right to materials for personal correspondence.  See Hershreger v. Scaletta, 33 F.3d 955 (8th Cir. 1994) ("Indigent inmates have no constitutional right to free postage for personal mail").

Accordingly, the Court will dismiss Count XI for failure to state a claim.

**E.     Count XII**

In Count XII, Plaintiff alleges that because of a Maricopa County Sheriff's Office policy that requires inmates to request a legal call to their attorney 24 hours in advance, it is difficult for pre-trial detainees to contact their attorneys.  Plaintiff has not alleged he was

unable to contact his attorney, or that he suffered an actual injury because of difficulty in

contacting his attorney.  Accordingly, Count XII will be dismissed for failure to state a claim.

**VI.    Warnings**

       **A.    Release**

       Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

in dismissal of this action.

       **B.    Address Changes**

       Plaintiff must file and serve a notice of a change of address in accordance with Rule

83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

relief with a notice of change of address.  Failure to comply may result in dismissal of this

action.

       **C.    Copies**

       Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy

of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate

stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit

an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply

may result in the filing being stricken without further notice to Plaintiff.

       **D.    Possible Dismissal**

       If Plaintiff fails to timely comply with every provision of this Order, including these

warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,

963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

comply with any order of the Court).

**IT IS ORDERED:**

       (1)    Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint,

is **granted**.

TERMPSREF

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $3.00.

(3)     Counts I, IX, X, XI, and XII and Defendant Maricopa County Sheriff's Office are **dismissed** without prejudice.

(4)     Defendant Arpaio must answer Counts II, III, IV, V, VI, VII, and VIII.

(5)     The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendant Arpaio.

(6)     Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed pursuant to Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8)     The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9)     The United States Marshal must notify Defendant Arpaio of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)     personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)     within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the

1   summons and of the costs subsequently incurred in effecting service upon Defendant.

2   The costs of service must be enumerated on the return of service form (USM-285) and

3   must include the costs incurred by the Marshal for photocopying additional copies of

4   the Summons, Complaint, or this Order and for preparing new process receipt and

5   return forms (USM-285), if required. Costs of service will be taxed against the

6   personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of

7   Civil Procedure, unless otherwise ordered by the Court.

8   (10)   **If Defendant agrees to waive service of the Summons and Complaint, he**

9   **must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

10   (11)   Defendant Arpaio must answer Counts II, III, IV, V, VI, VII, and VIII of the

11   Complaint or otherwise respond by appropriate motion within the time provided by the

12   applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

13   (12)   This matter is referred to Magistrate Judge Bernardo P. Velasco pursuant to

14   Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

15   DATED this 27th day of April, 2007.

16

17

18   _____

19   Mary H. Murguia
    United States District Judge

20

21

22

23

24

25

26

27

28