**WO** JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Williams, Jr., | No. CV 07-0557-PHX-MHM (BPV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, et al., | |
| Defendants. | |

Plaintiff David Williams, Jr., brought this civil rights action under 42 U.S.C. § 1983 against Maricopa County Sheriff Joseph Arpaio (Doc. #1).[1] Defendant moved to dismiss for failure to exhaust administrative remedies (Doc. #7). Plaintiff responded, and Defendant replied (Doc. ##9-10). Also before the Court is Plaintiff's motion requesting that the Court address the county jail's grievance system (Doc. #12), which Defendant moved to strike (Doc. #13). Plaintiff's motion will be construed as a sur-response that the Court will grant, thereby denying Defendant's motion to strike. And the Court will grant Defendant's Motion to Dismiss and terminate the action.

**I.     Background**

Plaintiff's claim arose during his confinement at the Maricopa County Tower's Jail (Doc. #1). Plaintiff alleged that the conditions at the jail included severe overcrowding (Count II), no segregation of high-security inmates from low-security inmates (Count III),

---

[1] Upon screening, the Court dismissed the Maricopa County Sheriff's Office as a Defendant (Doc. #4).

unsanitary living conditions (Count IV), inadequate and spoiled food (Count V), insufficient outdoor recreation (Count VI), padlocks on cell doors (Count VII), and inadequate control of contagious diseases (Count VIII) (id.).[2] Plaintiff claimed that as a result of these conditions, he suffered numerous injuries including staph infections, an assault by other inmates, digestive problems, back pain, stress, depression, and skin rashes (id.). The Court ordered an answer, and Defendant filed a Motion to Dismiss (Doc. ##4, 7).

In his motion, Defendant contended that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (Doc. #7). In support, Defendant submitted the affidavit of Susan Fisher, a Sergeant with the Inmate Hearing Unit (id., Ex. 1). Fisher attested that Policy DJ-3, which governs the jail grievance procedures, does not restrict the type of issue or grievance that an inmate may submit (id., Fisher Aff. ¶¶ 3-4). She further attested that during his incarceration at the jail, Plaintiff filed 25 grievances related to jail conditions (id. ¶¶ 8-9). Fisher avowed that all 25 grievances were resolved at the initial grievance level; thus, Plaintiff did not appeal any grievances (id. ¶ 9). Defendant attached a copy of Policy DJ-3; excerpts from the "Rules and Regulations For Inmates"; and a copy of a "Grievance Listing" chart that includes the date, grievance number, description, and disposition of Plaintiff's 25 grievances (id., Exs. A-B, D).

The Court issued an Order informing Plaintiff of his obligation to respond and the evidence necessary to successfully rebut Defendant's contentions (Doc. #8).[3] In response, Plaintiff argued that contrary to Fisher's averments, not all of his grievances were resolved (Doc. #9). He claimed that in some instances, staff forged Plaintiff's name to reflect that the issue was resolved and that he was often forced to sign-off on grievances, such as those related to outdoor recreation, in order to receive outside recreation and exercise (id.). Plaintiff claimed that other grievances he filed simply disappeared or he was informed that the issues were non-grievable (id. at 2). For each of his counts, Plaintiff specified his

---

[2]Counts I, IX, X, XI, and XII were dismissed for failure to state a claim (Doc. #4).

[3]Notice required under Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003).

- 2 -

attempts at exhaustion: for Count II, jail staff told him overcrowding was non-grievable; for Counts III and IV, staff told him that mixed security levels and sanitation were non-negotiable and grievance forms were denied; for Count V, Plaintiff grieved food issues repeatedly but received empty assurances and the problem remained unresolved; for Count VI, Plaintiff was forced to sign-off on recreation grievances; for Count VII, Plaintiff was informed that padlocks on doors was a non-grievable issue; and for Count VIII, Plaintiff's grievance forms about contagious diseases were taken and discarded and further forms were denied (id. at 2-4). Plaintiff proffered copies of numerous grievances in support of his opposition to Defendant's motion (id., Exs.).

Defendant replied and argued that Plaintiff failed to demonstrate that he was denied the opportunity to grieve his complaints or that he made any effort to exhaust the appeal process (Doc. #10). Plaintiff then filed a request that the Court address the grievance process at the county jail (Doc. #12). In this motion, Plaintiff stressed that during his confinement at the Towers Jail, he was placed in 23-hour lockdown and therefore denied many opportunities to file grievances. He also claimed that officers picked up grievance forms with out returning copies and without processing the complaints (id.). Plaintiff reiterated his claims regarding the forced signing-off on grievances and his allegations concerning the conditions at the jail (id. at 2-3). Defendant moved to strike Plaintiff's supplemental motion (Doc. #13).

## II.     Exhaustion

Plaintiff must first exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Exhaustion is an affirmative defense. Jones v. Bock, 127 S. Ct. 910, 919-21 (2007).

1 Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v.
2 Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement
3 in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide
4 disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method
5 to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's &
6 Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

**III.   Analysis**

As stated, Defendant bears the burden of proving lack of exhaustion and therefore must demonstrate that there were remedies available to Plaintiff. See Wyatt, 315 F.3d at 1119; Brown, 422 F.3d at 936-37. Defendant submitted evidence showing that a grievance system was available at the jail and that inmates may grieve any issue (Doc. #7, Ex. 1, Fisher Aff. ¶¶ 4-5). Defendant also demonstrated that Plaintiff regularly utilized this grievance system to complain about various issues (id. ¶ 8).

Plaintiff claimed that his attempts to grieve were ignored or refused by jail staff. But Plaintiff did not allege who informed him that his claims were not grievable, nor did he identify who denied him grievance forms.[4] Indeed, the sheer number grievances that Plaintiff filed during his confinement belies his claim that he was refused forms. Without more specific allegations, Plaintiff cannot overcome Defendant's evidence showing that a grievance system was available at the jail.

Moreover, Plaintiff failed to explain why he did not proceed to the higher steps in the grievance process as provided for under Policy DJ-3. The grievance procedures allow an inmate to proceed to the next step if he does not receive a response at any level within the designated time frame (Doc. #7, Ex. A at 2-3, 5). There is no evidence that Plaintiff attempted or was denied the opportunity to appeal to a higher level of the grievance system

---

[4] The Court notes that Plaintiff's evidence includes two grievance forms that officers returned to Plaintiff with written directions that the claims were not grievable (Doc. #9, Exs., Grievance Forms dated 12/07/06 and 11/16/06). These grievances concerned medical care, which Plaintiff raised in Count I of his Complaint (Doc. #1 at 3-4). But the Court dismissed Count I for failure to state a claim; thus, these grievances are not relevant (Doc. #4 at 3-4).

if, in fact, his grievances were ignored.

Plaintiff was required to utilize the available process before filing this lawsuit. Even when considering Plaintiff's arguments in his supplemental motion, which the Court views as a sur-response and will grant, the record reflects that he failed to do so. As such, Defendant's Motion to Dismiss will be granted.

**IT IS ORDERED:**

(1) Defendant's Motion to Dismiss (Doc. #7) is **granted**.

(2) Plaintiff's request that the Court address the grievance process, construed as a sur-response to Defendant's Reply (Doc. #12), is **granted**.

(3) Defendant's Motion to Strike (Doc. #13) is **denied**.

(4) The Clerk of Court must dismiss this action without prejudice and enter judgment accordingly.

DATED this 28th day of September, 2007.

Mary H. Murguia
United States District Judge